IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-00392-FL

| | |
|---|---|
| HENRY MACK EVANS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (DE 16 & 19). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge Robert B. Jones entered a memorandum recommending that the court deny plaintiff's motion, grant defendant's motion, and uphold the Commissioner's decision denying benefits. Plaintiff timely filed an objection to the memorandum and recommendation ("M&R"), and defendant did not file a response. In this posture, the matter is ripe for ruling. For the reasons that follow, the court overrules plaintiff's objection to the M&R and upholds the Commissioner's decision denying benefits.

In addressing plaintiff's objection to the M&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

In this case, plaintiff limits his objection to the magistrate judge's finding that there was

substantial evidence supporting the ALJ's evaluation of plaintiff's residual functional capacity. (Pl. Obj. to M&R at 4, DE 23). Plaintiff takes issue with the conclusion reached by the ALJ that plaintiff was able to perform light work, and argues that plaintiff's medical record supports a finding that plaintiff is unable to perform the standing and walking required by light work. Id.

In argument, plaintiff points to no particular error on the magistrate judge's part, but rather, restates without substantive alteration, and in many instances verbatim, arguments made in plaintiff's complaint and motion for judgment on the pleadings. (Compl. at ¶7, DE 6; Pl. Motion at 6-8, DE 16). Upon careful review of the record, the court finds that the magistrate judge already has addressed the argument made by plaintiff in his objection, and plaintiff raises no new issues for the court to review de novo. The magistrate judge thoroughly addressed this argument at pages 11-13 of the M&R, where he discusses the evidence of the multiple impairments alleged by plaintiff, as well as the ALJ's conclusion that contradictions existed between plaintiff's allegations and the medical records. "Subject only to the substantial evidence requirement, it is the province of the [ALJ], and not the courts, to make credibility determinations and to resolve ambiguities in the evidence." Mickles v. Shalala, 29 F.3d 918, 929 (4th Cir. 1994). Accordingly, the court adopts as its own the magistrate judge's discussion of this issue.

CONCLUSION

Based on the foregoing, the court ADOPTS the M&R, overrules plaintiff's objection, and upholds the Commissioner's decision. Accordingly, plaintiff's motion for judgment on the pleadings (DE 16) is DENIED, and defendant's motion for judgment on the pleadings (DE 19) is GRANTED. The clerk is DIRECTED to close the case file.

SO ORDERED this 14th day of September, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge